**SO ORDERED.**

**SIGNED this 10 day of March, 2015.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### FAYETTEVILLE DIVISION

IN RE:                                                                  CASE NO. 14-04514-5-DMW

**REALTY KING, LLC**

                                                                               CHAPTER 7
                    **DEBTOR**

### ORDER DENYING MOTION TO REOPEN CHAPTER 7 CASE

This matter comes on to be heard upon the Motion to Reopen Case[1] ("Motion") filed by Realty King, LLC ("Debtor").  Based upon the case information filed with the court, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.  The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on August 6, 2014.

---

[1] The Debtor also filed a Motion to Impose Stay in this case; however, that motion is not applicable to the Debtor's case.

3. The court entered a Deficiency Notice on August 6, 2014, stating that the Debtor must file the required Schedules A through J and the Statement of Affairs by August 20, 2014.[2]

4. The meeting of creditors ("Meeting of Creditors") held pursuant to 11 U.S.C. § 341 was scheduled for September 17, 2014, but a representative of the Debtor failed to appear.

5. On October 28, 2014, the court entered an Order to Show Cause why the case should not be dismissed for the Debtor's failure to file Schedules F and H and the Summary of Schedules.

6. On November 6, 2014, the court entered an Order to Show Cause why the case should not be dismissed for failure to attend the Meeting of Creditors.

7. The court conducted a hearing on the Orders to Show Cause on November 13, 2014. No representative of the Debtor appeared at the hearing. The court entered an Order Dismissing Case on November 14, 2014.

8. On January 26, 2015, Steve Anderson ("Mr. Anderson"), Managing Member of the Debtor, filed the Motion on behalf of the Debtor. In the Motion, Mr. Anderson cites various personal medical problems as reasons why the Debtor failed to comply with the requirements of the United Stated Bankruptcy Code and Orders of this court. The Motion states that Mr. Anderson should be "back to work" in mid-March, and thus the Debtor's case should be reopened.

9. There are three reasons why the Motion should be denied, as follows:

   a. <u>Mr. Anderson Cannot Represent the Debtor</u>. "[I]n North Carolina a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed *pro se*." *LexisNexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155

---

[2] The Deficiency Notice stated that if the Debtor failed to file timely the Schedules and Statement of Affairs, the case may be dismissed pursuant to 11 U.S.C. § 521(i)(1). Section 521(i)(1) only applies to individual debtors, and this statement was included in the Deficiency Notice in error.

N.C. App. 205, 209 (N.C. Ct. App. 2002); *Bodie Island Beach Club Ass'n v. Wray*, 215 N.C. App. 283, 289-90 (N.C. Ct. App. 2011) (applying the *LexisNexis* decision to limited liability company attempting to proceed *pro se*); *see* 28 U.S.C. § 1654; N.C. Gen. Stat. §§ 84-4 and 5; *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. Conn. 2007) ("[Like a partnership and a corporation,] a limited liability company also may appear in federal court only through a licensed attorney.");

b. <u>The Motion Was Not Properly Served on the Trustee</u>. Although Mr. Anderson attached a certificate of service to the Motion, it does not indicate that any party was served with the Motion. In this District a Motion seeking to reopen a Chapter 13 case must be served on the Chapter 13 trustee; and

c. <u>The Motion Fails to Cite Sufficient Cause</u>. Section 350(b) of the United States Bankruptcy Code allows the court to reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause." Even if the Motion were properly before the court, the Motion does not cite sufficient cause for the Debtor's case to be reopened.

10. The Debtor is required to comply with the United States Bankruptcy Code, the North Carolina General Statutes and the Orders of this court. The Debtor has failed to meet those requirements, and the case must remained dismissed; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Motion is denied.

END OF DOCUMENT